UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO. 3:05-12-KKC

UNITED STATES OF AMERICA,                                               PLAINTIFF

vs.                                    **OPINION AND ORDER**

ULYSSES BRANCH, III,                                                    DEFENDANT

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on a document filed pro se by the Defendant, Ulysses Branch, and captioned "Motion for Adjustment of Term of Supervised Release" (DE 41) and another document filed pro se by the Defendant and captioned "Addendum Modification of Sentence." (DE 42.) In these documents, Branch asks the Court to revise his sentence for a supervised release violation to provide that it should run concurrent – not consecutive – with his sentence on a related federal charge.

On January 25, 2006, this Court sentenced Branch to a 30-month prison term followed by six years of supervised release after Branch pleaded guilty to conspiring to distribute crack cocaine. After Branch's release from prison, he was again charged in a federal indictment, this time for two counts of distributing Oxycodone in a case captioned *United States v. Branch*, 5:09-CR-125-KSF and assigned to Judge Karl Forester. On February 12, 2010, Judge Forester sentenced Branch to a 57-month prison term for the Oxycodone charges.

Branch's distribution of Oxycodone also constituted a violation of the terms of his supervised release imposed by this Court. On February 25, 2010, this Court sentenced Branch to a 15-month prison term for the supervised release violation to run *consecutive* to the 57-month

prison term imposed by Judge Forester. Branch now argues that the prison term imposed by this Court should be amended to provide that it run *concurrent* with the 57-month term imposed by Judge Forrester. He argues that this Court mistakenly believed that a consecutive sentence was mandatory rather than discretionary.

Branch's motion must be denied. This Court cannot modify a sentence once it has been imposed except 1) on motion by the Director of the Bureau of Prisons; 2) as permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or 3) where the defendant was sentenced based on a sentencing range that has subsequently been lowered. 18 U.S.C. § 3582(c).

The Court is aware of no statute that would permit the Court to modify Branch's sentence. That leaves Rule 35 which provides that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The Court sentenced Branch on February 25, 2010. His motion was not filed until November 21, 2011. Accordingly, the Court has no jurisdiction to modify the sentence. *See United States v. Hall*, 661 F.3d 320, 322 (6th Cir. 2011). The Court further notes, however, that it sees no reason to modify the sentence in this matter and continues to find a consecutive sentence appropriate.

Accordingly, the Court hereby ORDERS that Branch's motion (DE 41) is DENIED.

Dated this 2nd day of August, 2012.



Signed By:
*Karen K. Caldwell*  KKC
United States District Judge

2