UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO. 3:05-12-KKC

UNITED STATES OF AMERICA,                                           PLAINTIFF

vs.                          **OPINION AND ORDER**

ULYSSES BRANCH, III,                                               DEFENDANT

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the Defendant's letter in which he requests that the Court clarify its judgment to reflect that his sentence should be calculated to give him credit for pretrial detention.

This court lacks authority to adjudicate a defendant's claim for credit on his federal sentence. To obtain judicial review of the execution of a federal sentence, a prisoner must have first exhausted his administrative remedies through the Bureau of Prisons (BOP). *See United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir.1992); *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) ("Complete exhaustion of administrative remedies is a prerequisite to seeking a review of the BOP's calculation of sentencing credit.")

"A district court may review the BOP's calculation, but may not compute sentencing credit in the first instance, for it is the Attorney General, not the court, who has the authority to calculate sentence credits for time served before sentencing." *Singh*, 52 F. App'x at 712. *See also United States v. Wilson*, 503 U.S. 329, 334-36 (1992).

The Defendant must therefore apply to the BOP and exhaust his administrative

remedies before that agency. If the Defendant finds that the BOP's sentencing calculation is in error, then he may petition this Court for a review of the calculation with a writ filed pursuant to 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335.

For all these reasons, the Defendant's request (DE 54,) for the Court to clarify its judgment to give him credit for pretrial detention is DENIED.

Dated this 19th day of March, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY